MELVIN PREBLE *vs.* CITY OF BANGOR.

*Construction of ordinance.*

The city physician of Bangor is entitled to an annual salary the amount of which is determined by the city council. By the eighth ordinance of the city he is entitled in cases of infectious disease, to such additional compensation as the city council may deem just: *held,* that this did not apply simply to services rendered to paupers, but that the compensation for attendance upon all cases of such diseases for the city was to be fixed by the city council.

ON EXCEPTIONS.

ASSUMPSIT to recover for professional services rendered in attendance as a physician upon small-pox patients in Bangor during the winter of 1872–3. Being called by the plaintiff, Hon. J. S. Wheelwright testified that as mayor he took general charge of the cases of infectious diseases in 1872–3, and employed nurses, physicians and assistants to attend. The plaintiff testifying in his own behalf said Mr. Wheelwright employed him, that he (witness) told Mr. W. when the application was first made that he was lame and wished to go to Boston, that after his return from Massachusetts the health officer reported a case to him and he again saw Mr. Wheelwright and asked if he (plaintiff) was expected to attend these cases as city physician and the mayor told him "no," but that it was customary first to offer them to the person holding that position. Mr. Wheelwright was recalled by the defence and stated that he went to Dr. Preble only because of his being city physician and applied to him to act in that capacity.

The defendants put in the city charter and the ordinance relat-

ing to the election and duties of city physician containing eight sections, the first of which was this: "SEC. 1. There shall annually be elected on the fourth Monday of March, a city physician, whose duty it shall be to attend under the direction of the overseers of the poor upon all paupers of the city, when in need of medical aid including all the inmates of the alms-house, workhouse and house of correction."

The seventh section requires the city physician to furnish at his own expense "all necessary medicines for the paupers of the city, other than inmates of" the institutions above-mentioned and provides that "he shall receive from the city treasury for his services including medicines to be furnished as aforesaid, such sum as the city council shall annually determine."

The eighth section quoted in the opinion provides for additional compensation for attendance in case of infectious diseases to be also determined by the city council. Upon the sixth day of March 1873, that body ordered the mayor to draw his warrant in favor of Dr. Preble for eight hundred dollars, upon the doctor's giving his receipt in full for extra services in small-pox cases.

The plaintiff declined to accept that sum upon these terms and on the eighth day of August 1873, brought this action upon an account annexed amounting to $1981, and obtained a verdict for $1701.

The defendants requested the presiding judge to instruct the jury that the plaintiff must be presumed to know the provisions of the ordinance under which he was elected prescribing the duties of city physician, and in accepting the office he became bound to perform all the duties of the office including attendance upon cases of small-pox and other infectious diseases, and to accept therefor such compensation as the city council should deem just and proper, and in order to maintain a suit therefor he must allege in his writ and prove that said council have voted to allow said sum and that the city have refused to pay it.

"That if the jury are satisfied that the plaintiff was city physician at the time he attended to the cases of small-pox charged in his

Preble *v.* Bangor.

writ and was called upon by the mayor to attend the cases and did attend them, or if he did attend them without being called upon by the mayor he was bound by the provisions of the ordinance under which he was elected regulating the compensation of the city physician and the mode of payment for his attending upon small-pox cases, and that in order to be able to maintain an action therefor he must allege in his writ and prove that he has complied with the provisions of said ordinance, and that as one of the provisions of said ordinance is that ' In cases of small-pox or other infectious diseases, the city physician shall receive such compensation in addition to his annual salary, as the city council may deem just and proper;' he is not entitled to any other or greater compensation for his services in attending upon these cases than were allowed by the city council, and in order to maintain his action he must allege in his writ and prove that the city council have voted the sum claimed and that the city has refused to pay it."

"That if the jury are satisfied that plaintiff was city physician at the time he performed the alleged services and that the city council passed an order on the sixth day of March 1873, to allow him eight hundred dollars in full for said services, he is not entitled to any greater sum for said services, and as he has not alleged in his writ that said council have passed said order or that the city have refused to pay it, he cannot maintain this action."

"That the city charter makes it the duty of the mayor to exercise a general supervision over the conduct of all subordinate officers including the city physician, and that the only authority of the mayor over his conduct is limited to the supervision of his duties as prescribed by the ordinance on that subject and that he cannot as mayor excuse him from the performance of the duties of his office, and that the municipal officers alone cannot excuse him from the duties required of him by said ordinance."

"That the mayor had no authority to employ the plaintiff to attend to the small-pox cases alleged in his writ, and to make the city of Bangor liable to pay for the services alleged in plaintiff's writ; that it is the duty of the municipal officers of the city to

provide nurses, physicians and whatever is necessary in cases of small-pox, that in the discharge of these duties the mayor had not authority to make contracts binding the city or to employ physicians and nurses at the expense of the city, without the consent or confirmation of the board of aldermen or some members of the board, and if the mayor had such authority and employed the plaintiff or if the mayor and aldermen had employed him whether as city physician in his official capacity or in his private professional capacity simply; if he was city physician at the time he performed the alleged services, he is bound by the provisions of the city ordinance regulating and limiting the compensation of the city physician for such services, and that any agreement of the mayor or of the municipal officers if any was made to pay him for his services other than is provided by said ordinance, would not bind the city."

"That if the jury are satisfied that plaintiff was city physician at the time he attended the small-pox cases alleged in his writ and was not bound by the provisions of the ordinance under which he was elected to attend to them, yet if he did attend to them he would be governed and bound by the provisions of said ordinance on that subject in the amount and mode of compensation therefor, and as the ordinance provides that he shall receive such compensation for such services in addition to his annual salary as the city council should deem just and proper, he is not entitled to recover any greater compensation for his services than said council should allow whether he was employed by the mayor or the municipal officers of the city."

The judge declined to give any of the requested instructions, but for the purposes of this trial instructed the jury that the city physician was not bound to attend the small-pox cases sued for; that if he did attend to them his compensation therefor was not regulated and limited by the city ordinance on that subject; that the mayor had authority to employ him at the expense of the city, and that he was not limited to receive for said services such compensation as the council under the provisions of said ordinance

should deem just and proper, but was entitled to receive such sum as his services were reasonably worth and that was a question of fact for their determination upon the evidence and the instructions given them.

The defendants excepted.

*A. G. Wakefield* for the defendants.

*L. Barker* and *T. W. Vose* for the plaintiff.

WALTON, J. The right to maintain this suit depends upon the construction of the eighth section of the ordinance of the city of Bangor relating to the election, duties and compensation of the city physician. The seventh section provides for an annual salary to be determined by the city council. Then follows this section:

"Section 8. In cases of small-pox or other infectious disease, the city physician shall receive such compensation in addition to his annual salary as the city council may deem just and proper."

The plaintiff claims that this section refers only to cases of small-pox and other infectious diseases among the paupers of the city; that for attendance upon other cases he is not bound to accept such compensation as the city council may choose to vote him.

We think the fair construction of the section is that in all cases of small-pox or other infectious disease attended to for the city, the city physician shall receive such compensation in addition to his annual salary, as the city council may deem just and proper.

Such is the fair import of the language used, and no reason is perceived why it should receive a different construction.

It does not seem to us probable that the city would retain and exercise the right of fixing the compensation for attendance upon one class of persons and leave the city physician to fix his own price for attendance upon another class, both classes being alike chargeable to the city and both afflicted with the same disease.

The duty of the city to take charge of a person sick with the small-pox or other infectious disease, is the same whether such person is a pauper or not; the object being to guard against the spread of the disease. It may not be obligatory upon the city

physician to attend such person, but if he does attend we think he must accept such compensation as the city council chooses to vote him. Such, we think, is the true construction of the city ordinance under consideration.                    *Exceptions sustained.*

APPLETON, C. J., CUTTING, DICKERSON and PETERS, JJ., concurred.

BARROWS and DANFORTH, JJ., did not concur.